# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FT. LAUDERDALE DIVISION

Case No. (Civil):_____ Judge(s):_____

YULIA LYUTOVA

    Plaintiff,

vs.

LUXURY VACATIONS IN PARADISE, INC.,
a Florida Corporation, BLAKE ADAMS,
Individually, and SCOTT GAGNON,
Individually,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, Luxury Vacations In Paradise, Inc. ("Luxury"), Blake Adams ("Adams"), and Scott Gagnon ("Gagnon") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(a), file this Notice of Removal ("Notice") of the State court action captioned *Yulia Lyutova v. Luxury Vacations In Paradise, Inc., et al.*, Case No. CACE-17-008656, which is currently pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida ("State Court Action") to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and state as follows:

1

## INTRODUCTION

1. Plaintiff, Yulia Lyutova, filed the State Court Action against Defendants on May 8, 2017.

2. In her Complaint, Plaintiff seeks damages from Defendants for allegedly failing to properly pay Plaintiff for all hours worked in violation of both State and Federal law. *See generally* Pl.'s Compl. (attached as "Exhibit A"). Specifically, in Counts I-III of her Complaint, Plaintiff asserts State law claims against Luxury for alleged Breach of Agreement, *Quantum Meruit*, and Unjust Enrichment. *See* Ex. A, at 4–5. And in Counts IV-VI of her Complaint, Plaintiff asserts claims against Luxury, Adams, and Gagnon, for alleged Federal Wage & Hour violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See id*, at 5–9.

3. This Court has original jurisdiction over this action under 28 U.S.C § 1331, and this action is removable under 28 U.S.C. § 1441(a) because, as noted above, some of Plaintiff's claims arise under the Constitution, laws, or treaties of the United States. Moreover, this Court can and should exercise its supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's State law claims.

4. Pursuant to 28 U.S.C. § 1446(a) and the Local Rules of this Court, copies of all process, pleadings, orders, and other papers or exhibits filed in the State Court Action or served on Defendants are attached as composite "Exhibit B."

## FEDERAL QUESTION JURISDICTION EXISTS

5. This Court has original jurisdiction over the claims asserted in Counts IV, V, and VI of Plaintiff's Complaint because those claims arise under the laws of the United States—specifically, the FLSA. *See* 28 U.S.C. § 1331.

6. Additionally, this Court should exercise its supplemental jurisdiction pursuant 28 U.S.C. § 1367(a) to retain jurisdiction over Plaintiff's State law claims asserted in Counts I, II, and III of her Complaint because those claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy and will involve identical witnesses and evidence as Plaintiff's Federal causes of action.

7. Therefore, removal of the entire State Court Action is proper pursuant to 28 U.S.C. §1441(a).

## REMOVAL IS OTHERWISE PROPER

8. This Notice is timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B) because it is filed within thirty (30) days from May 18, 2017, the date Defendants Luxury and Adams were served with process. Defendant Gagnon has not been served.

9. Further, removal to this Court is proper because the Ft. Lauderdale Division of the United States District Court for the Southern District of Florida is the District and Division embracing the place where the State Court Action is currently pending. *See* 28 U.S.C. § 1441(a).

10. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give written notice of the filing of this Notice to Plaintiff and will file a copy of this Notice with the Clerk of the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida. A copy of Defendants' Notice of Filing Defendants' Notice of Removal is attached to this Notice as "Exhibit C."

WHEREFORE, Defendants respectfully request that this case proceed before this Honorable Court as an action properly removed.

    Respectfully submitted,

    */s/ David S. Johnson*
    David S. Johnson
    FBN: 96423
    ddjohnson@shb.com
    SHOOK, HARDY & BACON L.L.P.
    100 N. Tampa Street, Suite 2900
    Tampa, FL 33602
    Telephone: (813) 202-7100
    Facsimile: (813) 221-8837

    **Counsel for Defendants**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 7th, 2017 a copy of the foregoing was filed electronically through the Court's CM/ECF system and that a true and correct copy of the foregoing has been furnished by electronic mail and U.S. Mail to all counsel listed below:

Peter M. Hoogerwoerd, Esq.
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
nl@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Ph: (305) 416-5000
Fax: (305)16-5005
*Counsel for Plaintiff*

                                               */s/ David S. Johnson*
                                               *Attorney*